Matthew Z. Crotty (WSBA #39284)
RIVERSIDE NW LAW GROUP, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
Telephone: (509) 850-7011
Email: mzc@rnwlg.com

Sally J. Abrahamson (pro hac vice)
WERMAN SALAS P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
Telephone: (202) 830-2016
Facsimile: (312) 419-1025
Email: sabrahamson@flsalaw.com

Deirdre Aaron (pro hac vice)
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
Email: daaron@winebrakelaw.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JORDAN YARBROUGH and CHAISE AVILA, on behalf of themselves and others similarly situated and MASON STOCKMAN, individually,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | **No. 3:26-cv-05057-TMC**<br><br>**FIRST AMENDED COMPLAINT - CLASS ACTION**<br><br>**TRIAL BY JURY DEMANDED** |

Plaintiffs Jordan Yarbrough and Chaise Avila (collectively, “Named Plaintiffs”), on behalf of themselves and all others similarly situated, and Mason

Stockman[1], on behalf of himself (collectively with Named Plaintiffs, "Plaintiffs"), by and through their attorneys Riverside NW Law Group, PLLC, Winebrake & Santillo, LLC, and Werman Salas P.C., complaining of the conduct of Defendant Target Corporation ("Defendant"), allege as follows:

## Nature of this Lawsuit

1. Plaintiffs bring this class action lawsuit against Target Corporation ("Defendant"), seeking all available relief under the Washington Minimum Wage Act ("MWA"), RCW 49.46 *et. seq.*, Washington Wage Payment Act, RCW 49.48 *et seq.*, and Washington Wage Rebate Act, 49.52 *et seq.* and alleging that Defendant has violated Washington law by failing to pay wages for time associated with certain required activities arising on Defendant's premises at the beginning and end of the workday.

## Jurisdiction and Venue

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy between at least one Plaintiff and the Defendant exceeds the sum or value of $75,000.00.

3. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

4. The members of the proposed class are citizens of states different from that of Defendant.

---

[1] The Parties have stipulated, and the Court so Ordered, Mr. Stockman's claims be stayed pursuant to 9 U.S.C. § 3 pending the outcome of his arbitration. ECF No. 25.



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

5. There are at least 100 members in each of the proposed classes.

6. Defendant is subject to personal jurisdiction in Washington.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of this suit occurred in this District.

## The Parties

***Plaintiff Jordan Yarbrough***

9. Plaintiff Jordan Yarbrough is a resident of Olympia, Washington, and was employed by Defendant from approximately July 2017 through July 2023.

***Plaintiff Chaise Avila***

10. Plaintiff Chaise Avila is a resident of Shelton, Washington, and was employed by Defendant from approximately October 2022 through October 2023.

***Plaintiff Mason Stockman***

12. Plaintiff Mason Stockman is a resident of Lacey, Washington, and was employed by Defendant from approximately September 2025 through November 2025.

***Defendant Target Corporation***

13. Defendant is headquartered and incorporated in Minnesota and does business in Washington. Defendant is an employer for the purposes of the MWA.

## FACTUAL ALLEGATIONS

14. Defendant is a retailer offering "fashionable, differentiated merchandise and everyday essentials at discounted prices" available for purchase "in stores or through our digital channels." See Target Corp., 2024 Annual Report Target Corporation, at 2, https://corporate.target.com/getmedia/c23bca62-1790-47bd-ad0e-6971aee4f78d/2024-Annual-Report-Target-Corporation.pdf.



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

15. In order to support these retail operations, Defendant operates distribution centers. *See, e.g.*, Annual Report at 6 ("Most merchandise is distributed to our stores through our network of distribution centers.").

16. Defendant operates distribution centers throughout the United States and in Washington, including one in Lacey, Washington.

17. Defendant employs individuals who, during the past three years, have worked in its Washington distribution centers and been paid an hourly wage. Such individuals are referred to as "class members."

18. At the beginning of the workday, Plaintiffs and other class members generally are required to walk within the distribution center to "clock-in" for payroll purposes at time clocks located at or near the cafeteria. Plaintiffs and class members are required to swipe their employee badges for security purposes to enter the distribution center, then walk through a metal detector once in the distribution center, swipe their employee badge again at a security desk, and scan their badge at another set of doors to enter the distribution center floor. Once on the distribution center floor, Plaintiffs and other class members are required to follow designated painted walkways to get to the time clocks located at or near the cafeteria. While on the walkways, Plaintiffs and class members are prohibited from using cell phones or other personal devices, and must walk and not run.

19. Plaintiffs, in the absence of discovery, estimate that their mandatory walking time within the distribution center from the entrance to the time clocks was approximately five minutes. After Plaintiffs and the class members clocked in, they had to walk from the time clocks to their department. While walking from the time clocks to their department, Plaintiffs and class members are required to follow the designated painted walkways, are prohibited from using cell phones or other personal devices and must walk and not run. Plaintiffs, in the absence of discovery,



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

estimate that their mandatory walking time within the distribution center from the time clocks to their department was approximately five minutes. Defendant did not pay Plaintiffs for time associated with such mandatory pre-shift walking.

20. At the end of the workday, Plaintiffs and other class members generally are required to walk within the distribution center from their assigned work locations and "clock out" for payroll purposes at time clocks located near the cafeteria. While walking from the time clocks to the exit after clocking out, Plaintiffs and class members are required to follow the designated painted walkways and are prohibited from using cell phones or other personal devices and must walk and not run. Plaintiffs, in the absence of discovery, estimate that their mandatory post-shift walking time generally took five minutes per day. Defendant did not pay Plaintiffs for time associated with such mandatory post-shift walking.

21. Plaintiffs' walk time was integral and necessary to performing their job duties, and done under the direction and control of Defendant.

22. Defendant did not pay Plaintiffs and other class members at a rate equal to or greater than one and one-half their regular hourly rate of pay whenever Defendant, required, suffered, or permitted them to work more than 40 hours in a workweek.

23. Plaintiff Yarbrough was a full-time employee generally scheduled to work 40 hours per workweek. As such, his paid time combined with his unpaid pre-shift and post-shift walking time generally totaled over 40 hours per workweek.

24. Plaintiff Avila was a full-time employee generally scheduled to work 40 hours per workweek. As such, his paid time combined with his unpaid pre-shift and post-shift walking time generally totaled over 40 hours per workweek.

25. Plaintiff Stockman was a full-time employee generally scheduled to work 36 hours per workweek.



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

**Rule 23 Class Action Allegations**

26. Named Plaintiffs bring this case pursuant to Rule 23 of the Federal Rules of Civil Procedure and Washington state law on behalf of themselves and a Class defined as follows:

> All persons who have worked at Defendant's Washington distribution centers, including but not limited to the distribution center in Lacey, and have been paid an hourly wage. ("Rule 23 Class").

27. Excluded from the Rule 23 Class are Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time from three years preceding the date of Plaintiffs' original complaint and final judgment had a controlling interest in Defendant; any judge to whom this case is assigned and any member of that judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

28. Defendant employed Named Plaintiffs and the members of the Rule 23 Class.

29. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

30. Upon information and belief, the size of the Rule 23 Class is at least 1,000 employees.

31. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

a. Whether Washington law provides greater protections for employees than those guaranteed by federal law;



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

b. Whether Defendant violated RCW § 49.46.020; and RCW § 49.46.130 by failing to compensate Named Plaintiffs and class members for mandatory walk time;

c. Whether Defendant has violated RCW § 49.46.090;

d. Whether Defendant has violated RCW § 49.52.050;

e. Whether Defendant has violated RCW § 49.48.010;

f. Whether Defendant's policy and practice of failing to properly compensate Named Plaintiffs and the Rule 23 Class was willful; and

g. The proper measure of damages sustained and the proper measure of restitution recoverable by members of the Rule 23 Class.

32. Typicality (Fed. R. Civ. P. 23(a)(3)) – Named Plaintiffs' claims are typical of the Rule 23 Class's claims. Named Plaintiffs, like the Rule 23 Class, were subjected to Defendant's policy and practice of failing to pay for all hours worked, in violation of Washington law.

33. Adequacy (Fed. R. Civ. P. 23(a)(4)) – Named Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Named Plaintiffs understand that as class representatives, they assume fiduciary responsibilities to the Rule 23 Class to represent its interests fairly and adequately. Named Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Rule 23 Class just as they would represent and consider their own interests.

34. Adequacy of counsel (Fed. R. Civ. P. 23(g)) – Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Named Plaintiffs' counsel has litigated



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

numerous class actions on behalf of employees asserting overtime claims under the FLSA and state law. Named Plaintiffs' counsel intend to commit the necessary resources to prosecute this action vigorously for the benefit of all Rule 23 Members.

35. Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)) – Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members of the Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices of failing to pay for all hours worked. The damages suffered by individual Rule 23 Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments regarding Defendant's practices.

36. Notice (Fed. R. Civ. P. 23(c)(2)(B)) –Named Plaintiffs intend to send notice to all Rule 23 Class Members consistent with the requirements of Fed. R. Civ. P. 23.

## FIRST CAUSE OF ACTION
**Failure to Pay Wages**
**(Brought by Plaintiffs – Individually and by Named Plaintiffs on Behalf of the Rule 23 Class)**

37. Named Plaintiffs, on behalf of themselves and all members of the Rule 23 Class and Plaintiff Stockman individually reallege and incorporate by reference all other paragraphs as if they were set forth again herein.



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

38. Defendant's failure to pay Plaintiffs and class members their regular wages and one-and-a-half their regular rate of pay for hours worked in excess of 40 in their workweeks constitutes violations of RCW 49.46.130 and 49.52.050(2).

39. By failing to compensate Plaintiffs and the Rule 23 Class for time spent engaging in mandatory walk time during at the beginning and end of work, Defendant failed to pay Plaintiffs and the Rule 23 Class their regular rate of pay and their overtime wages.

40. As a result of Defendant's unlawful acts, Plaintiffs and the Rule 23 Class have been deprived of damages in amounts to be determined at trial, and Plaintiffs and the Rule 23 Class are entitled to the recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

41. Unless enjoined, Defendant will continue its practice of failing and refusing to pay overtime pay to class members.

## SECOND CAUSE OF ACTION
**Failure to Timely Pay All Wages Due Upon Termination**
**(Brought by Plaintiffs – Individually and by**
**Named Plaintiffs on Behalf of the Rule 23 Class)**

42. Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

43. Washington law provides that "[w]hen an employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." RCW 49.48.010.



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

44. Because Defendant failed to pay Plaintiffs and class members who are no longer employed for all hours worked in violation of state law, Defendant failed to timely remit all wages due to Plaintiffs and class members who are former employees.

45. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiffs and the Rule 23 Class have been deprived of compensation in an amount to be determined at trial, and Plaintiffs and the Rule 23 Class are entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

**THIRD CAUSE OF ACTION**

**Washington Wage Rebate Act: Willful Refusal to Pay Wages Owed, (Brought by Plaintiffs – Individually and by Named Plaintiffs on Behalf of the Rule 23 Class)**

46. Plaintiffs, on behalf of themselves and all members of the Rule 23 Class, reallege and incorporate by reference all other paragraphs as if they were set forth again herein.

47. Defendant's actions constitute willful withholding of agreed upon wages in violation of RCW 49.52.050 and RCW 49.52.070.

48. RCW 49.52.050 provides that any employer or agent of any employer who, "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor.

49. RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

50. As a result of the willful, unlawful acts of Defendant, Plaintiffs and the Rule 23 Class have been deprived of compensation in amounts to be determined at trial and under RCW 49.52.070, Plaintiffs and the Rule 23 Class are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs.

## Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and on behalf of the Rule 23 Class, request the following relief:

A. Certification of the proposed Rule 23 Class for the claims against Defendant;

B. Appoint Named Plaintiffs as representatives of the Rule 23 Class;

C. Appoint the undersigned counsel as counsel for the Rule 23 Class;

D. An award of damages, according to proof to be paid by Defendant;

E. Exemplary damages pursuant to the Washington Wage Rebate Act, RCW 49.52, *et seq*.

F. Appropriate equitable and injunctive relief to remedy violations, including but not limited to an order enjoining Rule 23 from continuing its unlawful practices under Washington state law and/or a declaration that Defendant's acts violate Washington state law;

G. Reasonable service awards for Named Plaintiffs to compensate them for the time they spent attempting to recover wages for the Rule 23 Class and for the risks they took in doing so;

H. Costs of the action incurred herein;

I. Attorneys' fees, including fees pursuant to Washington state law;

J. Post-judgment interest, as provided by law; and

K. Such other relief as this Court deems necessary, just, and proper.



Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
509.850.7011

## Jury Demand

Plaintiffs demand a trial by jury.

Dated: March 31, 2026

Respectfully submitted,

s/ Matthew Crotty
MATTHEW CROTTY, WSBA 39284
mzc@rnwlg.com
Riverside NW Law Group, PLLC
601 W. Riverside Ave. Ste. 810
Spokane, WA 99201
(509) 850-7011

SALLY J. ABRAHAMSON*
sabrahamson@flsalaw.com
Werman Salas P.C.
609 H Street NE, 4th Floor
Washington, D.C. 20002
(202) 830-2016

DEIRDRE A. AARON*
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Telephone: (215) 884-2491
Email: daaron@winebrakelaw.com

**Admitted pro hac vice*

**Attorneys for Plaintiffs and others similarly situated**