UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JORDAN YARBROUGH, MASON STOCKMAN, and CHAISE AVILA, on behalf of themselves and others similarly situated,<br>Plaintiffs,<br>v.<br>TARGET CORPORATION,<br>Defendant. | Case No. 3:26-cv-05057-TMC<br>ORDER ON MOTION TO DISMISS |

## I. INTRODUCTION

Plaintiffs are a putative class of persons who have worked at Defendant's Washington distribution centers in the past three years and have been paid an hourly wage. Dkt. 28, ¶¶ 17, 26. Plaintiffs allege they are not paid for time engaging in required activities on Defendant's premises at the beginning and end of the workday. *Id.* ¶ 1. Plaintiffs bring Washington state law claims for (1) failure to pay wages under the Revised Code of Washington ("RCW") 49.46.130 and 49.52.050(2); (2) failure to timely pay all wages due upon termination under

RCW 49.48.010; and (3) willful refusal to pay wages owed under RCW 49.52.050 and 49.52.070. *Id.* ¶¶ 1, 37–50.

On April 14, 2026, Defendant moved to dismiss Plaintiffs' First Amended Complaint ("FAC"). Dkt. 30. For the following reasons, Defendant's motion is DENIED.

## II. BACKGROUND

Plaintiffs allege that, during their periods of employment with Defendant, Defendant failed to pay them for compensable time. Dkt. 28, ¶¶ 1, 9–12. The primary facts alleged in their complaint include the following:

- Target is a retailer that operates distribution centers in Washington. *Id.* ¶¶ 14–16.
- Plaintiffs are employees at Target's Washington distribution centers that are paid an hourly wage. *Id.* ¶¶ 17, 26.
- At the beginning of the workday, Plaintiffs are required to do the following activities in the following order without pay:
  - Swipe their employee badges for security purposes to enter the distribution center. *Id.* ¶ 18.
  - Walk through a metal detector. *Id.*
  - Swipe their employee badges at a security desk. *Id.*
  - Scan their badges at a set of doors to enter the distribution center floor. *Id.*
  - Once on the distribution center floor, Plaintiffs are "required to follow designated painted walkways to get to the[ir] time clocks located at or near the cafeteria." *Id.*
  - Once Plaintiffs are clocked in, they are required to walk from their time clocks to their departments using the designated painted walkways. *Id.* ¶ 19.

- While walking along the designated painted walkways, Plaintiffs are required to walk, not run, and are prohibited from using cell phones or other personal devices. *Id.* ¶¶ 18–19.
- Plaintiffs estimate that their walking time between swiping their badges to enter the distribution center and arriving at the appropriate department to start their shift takes approximately 10 minutes, five minutes to get from the distribution center doors to their time clock and five minutes to get from the time clock to their department. *Id.* ¶ 19.
- At the end of the workday, Plaintiffs are generally required to do similar activities without pay in reverse, including walking along the designated walkways to their time clocks and from their time clocks to the exit. *Id.* ¶ 20.

Plaintiffs filed the operative complaint with this Court on March 31, 2026, bringing claims for failure to pay wages, failure to timely pay all wages due upon termination, and willful refusal to pay wages owed under Washington state law. *Id.* ¶¶ 37–50. Defendant moved to dismiss Plaintiffs' amended complaint on April 14, 2026. Dkt. 30. Plaintiffs responded on May 5, 2026, and Defendant replied on May 12, 2026. Dkts. 33–34.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 12(b)(6) motions may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted). To survive a Rule 12(b)(6) motion, the complaint "does not need detailed factual

allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, but "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

In reviewing a motion to dismiss, the Court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party," *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (citation omitted), but it is "not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (citation omitted).

## IV. DISCUSSION

Defendant argues that Plaintiffs fail to state a claim because time they spent walking through Defendant's distribution centers to and from their departments at the beginning and end of the work day is not compensable under Washington law. Dkt. 30. Plaintiffs respond that Defendant's mandatory security procedures and restrictions on their activities during their walking time plausibly establish the time was compensable. Dkt. 33.

Under the Washington Minimum Wage Act ("MWA"), RCW 49.46, employees are "entitled to compensation for regular hours worked and for any overtime hours worked" unless certain exemptions apply. *Port of Tacoma v. Sacks*, 19 Wn. App. 2d 295, 302, 495 P.3d 866 (2021) (citation omitted). The MWA is a "remedial statute" and its provisions and implementing regulations "must be liberally construed in favor of the worker." *Id.* at 303. Under the MWA's

regulations, "hours worked" encompasses "all hours during which the employee is authorized or required by the employer to be on duty on the employer's premises or at a prescribed work place." Washington Administrative Code ("WAC") 296-126-002(8). The parties do not dispute that the challenged time occurred on Defendant's premises. Dkt. 30 at 4–8; Dkt. 33 at 1. The question then is whether Plaintiffs have plausibly alleged they were "on duty" during that time.

To determine whether employees are on duty, Washington courts consider "the extent to which [the employer] restricts [employees'] personal activities and controls [employees'] time." *Stevens v. Brink's Home Sec., Inc.*, 162 Wn.2d 42, 48, 169 P.3d 473 (2007). In *Stevens*, applying that standard, the Washington Supreme Court held that home-security technicians were on duty while traveling in company vehicles because their employer restricted their personal use of the vehicles and retained the authority to redirect them to other assignments during their drives. *Id.* at 48–49. The Washington Supreme Court has also recognized that employees may be on duty even when they are permitted to engage in personal activities. In *Weeks v. Chief of Washington State Patrol*, the Court held state troopers were on duty during their lunch breaks because they were required to "remain available by radio or telephone." 96 Wn.2d 893, 898, 639 P.2d 732 (1982). These decisions demonstrate that whether employees are on duty turns on the employer's control over their time and activities, rather than whether they are actively performing assigned work. *See also Bennett v. Providence Health & Servs.*, 35 Wn. App. 2d 1073 (2025), *review granted*, 6 Wn. 3d 1002, (2026) (unpublished) (explaining that *Stevens* is consistent with *Weeks*).

Here, Plaintiffs allege that Defendant requires them to swipe their badges to enter the distribution center, pass through a metal detector, swipe their badges again at a security desk, and scan their badges a third time to enter the distribution center floor. Dkt. 28 ¶ 18. Plaintiffs must then follow designated painted walkways to reach the time clocks and, after clocking in, to reach their assigned departments. *Id.* ¶¶ 18–19. While on those walkways, they are prohibited from

using cell phones or other personal devices and must walk rather than run. *Id.* Plaintiffs further allege that, after concluding work in their assigned department at the end of the day, they must follow the same designated walkways and observe the same restrictions while proceeding toward their time clocks and the facility exit. *Id.* ¶ 20. Plaintiffs estimate these mandatory walks take approximately five minutes from the facility entrance to the time clocks, five minutes from the time clocks to their assigned departments, and five minutes after their shifts. *Id.* ¶¶ 19–20. They allege that Defendant does not compensate them for the time spent getting to and from their departments. *Id*. Accepting these allegations as true, Plaintiffs have plausibly alleged that Defendant asserted sufficient restrictions on Plaintiffs' personal activities and control over their time for them to have been "on duty" during the challenged periods within the meaning of Washington law.

Defendant's arguments do not alter the Court's conclusion. Defendant characterizes the alleged restrictions as basic safety precautions that do not render Plaintiffs on duty. Dkt. 30 at 6–7.[1] But the purpose of those restrictions does not necessarily determine whether they placed Plaintiffs under Defendant's control. Defendant also distinguishes *Stevens* on the ground that the technicians there could be redirected to perform work while traveling, whereas Plaintiffs do not allege they were assigned work during their walks. Dkt. 34 at 8–9. Although the employer's

[1] Defendant also argues that Plaintiffs have not alleged facts establishing their walking was integral or necessary to perform their job duties. Dkt. 30 at 7–8. Washington Department of Labor and Industries guidance recognizes that "[p]reparatory and concluding activities" "necessary to the performance of [an employee's] job" may constitute compensable hours worked "[w]hen an employee does not have control over when and where such activities may be performed." Wash. Dep't of Lab. & Indus., Admin. Policy ES.C.2, *Hours Worked*, at 12 (rev. July 19, 2021). Because Plaintiffs have plausibly alleged they were on duty during the challenged periods, the Court need not determine at this stage whether their walking also constituted a compensable preparatory or concluding activity.

authority to redirect employees supported the finding in *Stevens*, the court did not make that authority a prerequisite to finding employees on duty. 162 Wn.2d at 48–49.

Nor do Defendant's authorities addressing travel and commuting time establish that Plaintiffs' walking time is non-compensable. In *Anderson v. State*, employees commuting on a state-operated ferry were not on duty where, despite having to conform to the ferry schedule and asserting they were subject to discipline, they remained free to engage in personal activities "such as reading, conversing, knitting, playing [games], listening to [music], and napping" during the passage. 115 Wn. App. 452, 454, 63 P.3d 134 (2003). In *Levias v. Pacific Maritime Association*, the court concluded that longshore workers were not entitled to compensation for time spent traveling from a port gate to a muster area because the evidence did not establish sufficient employer control. 760 F. Supp. 2d 1036, 1053–56 (W.D. Wash. Jan. 7, 2011). In *In re Mensonides Dairy LLC*, the court concluded that employees were not on duty while traveling between a designated parking area and a time clock. 2021 WL 6099482, at *4 (Bankr. E.D. Wash. Dec. 19, 2021). And *Pierce v. Heath Consultants Inc.* and *Jensen v. Lincoln County* rejected claims for compensation for travel between home or an employer's facility and work locations. No. C10-585Z, 2011 WL 2560254, at *6–8 (W.D. Wash. June 27, 2011); 181 Wn. App. 1037, 2014 WL 2802901, at *1–3 (June 17, 2014) (unpublished). But unlike the present case, which is before the Court on a motion to dismiss, those decisions arose on summary judgment or following an evidentiary hearing. Their conclusions rested on the circumstances established by the evidence, whereas the Court must accept Plaintiffs' factual allegations as true. None forecloses Plaintiffs' claim that Defendant's security procedures and walking restrictions rendered them on duty as a matter of law.

Finally, Defendant's reliance on *Valdovinos v. Delta Air Lines Inc.* does not warrant dismissal at the pleading stage. No. C25-2026-SKV, 2025 WL 3623739 (W.D. Wash.

Dec. 15, 2025). There, the court dismissed claims for unpaid travel time with leave to amend because the plaintiff had not sufficiently alleged how she was on duty while traveling from a parking lot through an airport to her time clock. *Id.* at *5–*6. Here, Plaintiffs identify the particular security procedures, prescribed walking routes, and restrictions on personal activities to which they were allegedly subject during the challenged periods. Dkt. 28 ¶¶ 18–20.

In sum, Plaintiffs have sufficiently alleged that they were on duty within the meaning of WAC 296-126-002(8). Because Defendant's challenge to Plaintiffs' remaining wage claims rests on the same contention that the walking time was not compensable, those claims also survive. *See* Dkt. 30 at 2.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss. Dkt. 30. The parties are further ORDERED to provide an updated joint status report no later than October 30, 2026 proposing a case schedule for discovery and class certification motions.

Dated this 16th day of October, 2026.

Tiffany M. Cartwright
United States District Judge